PHILLIPS LAW PARTNERS, LLP
GARY R. PHILLIPS (SBN 123745)
JAMES R. COELHO (SBN 177988)
707 Wilshire Boulevard, Suite 3800
Los Angeles, California 90017
(213) 680-9212
jcoelho@phillipslawpartners.com

Attorneys for Paramount Recovery Service

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE FINAMORE, | ) CASE No. 2:19-cv-05346 FMO (JPRx) |
| Plaintiff, | ) **ANSWER AND AFFIRMATIVE** |
| vs. | ) **DEFENSES OF PARAMOUNT** ) **RECOVERY SERVICE TO** ) **COMPLAINT BY JESSE FINAMORE;** |
| WELLS FARGO BANK, N.A. dba WELLS FARGO AUTO; PARAMOUNT RECOVERY SERVICE,  a California corporation; and DOES 1 through 10, inclusive, | ) **JURY TRIAL DEMAND** ) ) ) ) ) |
| Defendants. | ) ) |

Defendant, Paramount Recovery Service, a California corporation, ("PRS"), by and through its counsel of record, hereby answers the Complaint of Jesse Finamore ("Finamore") and brings its Counterclaims against Finamore, as follows:

### JURISDICTION AND VENUE

1.      PRS admits the allegations of paragraph 1 of the Complaint.

2.      PRS admits the allegations of paragraph 2 of the Complaint.

PHILLIPS LAW PARTNERS, LLP
707 WILSHIRE BOULEVARD, SUITE 3800
LOS ANGELES, CA 90017-3541
(213) 680-9212

**PARTIES**

3.     PRS does not have information sufficient to admit or deny the facts asserted in Paragraph 3, and thus, denies such facts.

4.     PRS admits the allegations of paragraph 4 of the Complaint.

5.     PRS admits the allegations of paragraph 5 of the Complaint.

6.     PRS does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 6 of the Complaint, and PRS therefore denies such allegations.

7.     PRS denies the allegations of paragraph 7 of the Complaint.

**OPERATIVE FACTS**

8.     PRS admits Wells Fargo Bank hired it to conduct a nonjudicial repossession of Finamore's vehicle as stated in Paragraph 8 of the Complaint, PRS does not have knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 8 of the Complaint, and PRS therefore denies such allegations.

9.     PRS denies the allegations of paragraph 9 of the Complaint.

10.     PRS denies the allegations of paragraph 10 of the Complaint.

11.     PRS denies the allegations of paragraph 11 of the Complaint.

12.     PRS denies the allegations of paragraph 12 of the Complaint.

14.     PRS denies the allegations of paragraph 14 of the Complaint.

15.     PRS denies the allegations of paragraph 15 of the Complaint.

**FIRST CLAIM FOR RELIEF**

16.     In response to paragraph 16 of the Complaint, PRS repeats and realleges its responses to Paragraphs 1 through 18, inclusive, as though set forth in full herein.

17.     PRS does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 17 of the Complaint, and PRS therefore denies such allegations.

18.     PRS does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 18 of the Complaint, and PRS therefore denies such allegations.

**PHILLIPS LAW PARTNERS, LLP**
707 WILSHIRE BOULEVARD, SUITE 3800
LOS ANGELES, CA 90017-3541
(213) 680-9212

19.     PRS denies the allegations of paragraph 19 of the Complaint.

20.     PRS does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint, and PRS therefore denies such allegations.

21.     PRS denies the allegations of paragraph 21 of the Complaint.

22.     PRS denies the allegations of paragraph 22 of the Complaint.

23.     PRS denies the allegations of paragraph 23 of the Complaint.

24.     PRS denies the allegations of paragraph 24 of the Complaint.

25.     PRS denies the allegations of paragraph 25 of the Complaint.

## SECOND CLAIM FOR RELIEF

26.     In response to paragraph 26 of the Complaint, PRS repeats and realleges its responses to Paragraphs 1 through 26, inclusive, as though set forth in full herein.

27.     PRS does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 27 of the Complaint, and PRS therefore denies such allegations.

28.     PRS does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 28 of the Complaint, and PRS therefore denies such allegations.

29.     PRS denies the allegations of paragraph 29 of the Complaint.

30.     PRS denies the allegations of paragraph 30 of the Complaint.

31.     PRS denies the allegations of paragraph 31 of the Complaint.

32.     PRS denies the allegations of paragraph 32 of the Complaint.

33.     PRS denies the allegations of paragraph 33 of the Complaint.

34.     PRS does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 34 of the Complaint, and PRS therefore denies such allegations.

35.     PRS denies the allegations of paragraph 35 of the Complaint.

36.     PRS denies the allegations of paragraph 36 of the Complaint.

37.     PRS denies the allegations of paragraph 37 of the Complaint.

38.     PRS denies the allegations of paragraph 38 of the Complaint.

39.     PRS denies the allegations of paragraph 39 of the Complaint.

**PHILLIPS LAW PARTNERS, LLP**
707 WILSHIRE BOULEVARD, SUITE 3800
LOS ANGELES, CA 90017-3541
(213) 680-9212

PHILLIPS LAW PARTNERS, LLP
707 WILSHIRE BOULEVARD, SUITE 3800
LOS ANGELES, CA 90017-3541
(213) 680-9212

40. PRS denies the allegations of paragraph 40 of the Complaint.

41. PRS denies the allegations of paragraph 41 of the Complaint.

42. PRS denies the allegations of paragraph 42 of the Complaint.

### THIRD CLAIM FOR RELIEF

43. PRS denies the allegations of paragraph 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, PRS repeats and realleges its responses to Paragraphs 1 through 44, inclusive, as though set forth in full herein.

45. PRS denies the allegations of paragraph 45 of the Complaint.

46. PRS denies the allegations of paragraph 46 of the Complaint.

47. PRS denies the allegations of paragraph 47 of the Complaint.

48. PRS denies the allegations of paragraph 48 of the Complaint.

49-60. No allegations are asserted against PRS in these paragraphs, however, if it is deemed that an allegation is asserted, PRS denies the same.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. PRS alleges that the Complaint and each claim for relief stated therein fails to state facts sufficient to constitute a cause of action against PRS.

### SECOND AFFIRMATIVE DEFENSE

2. PRS alleges that Finamore is barred from recovery, in whole or in part, by virtue of his failure to mitigate his alleged injures and damages.

### THIRD AFFIRMATIVE DEFENSE

3. PRS alleges that if Finamore sustained any injuries or damages, that such injuries and damages, if any, were solely, proximately and exclusively caused and contributed to by the breach, negligence or fault of Finamore.

### FOURTH AFFIRMATIVE DEFENSE

4. PRS alleges that the recovery, if any, obtained by Finamore should be

G:\PLPDocs\Simons.Steve\Finamore v PRS\Pleadings\Answer to Complaint1.wpd

-4-

PHILLIPS LAW PARTNERS, LLP
707 WILSHIRE BOULEVARD, SUITE 3800
LOS ANGELES, CA 90017-3541
(213) 680-9212

apportioned among all defendants according to each such defendant's proportionate responsibility for said damages, if any, under the comparative negligence doctrine.

### FIFTH AFFIRMATIVE DEFENSE

5.     PRS alleges that in the event Finamore should establish any liability on the part of PRS, which liability is expressly denied, PRS may be obligated to pay sums representing a proportion or percentage of fault not their own, but that of Finamore, other parties to this action and third persons not parties to this action.  PRS is entitled to an adjudication and determination of the respective proportions or percentages of fault, if any, on PRS's part and on the part of Finamore, other parties to this action and third persons not parties to this action, pursuant to the doctrines of comparative negligence.

### SIXTH AFFIRMATIVE DEFENSE

6.     PRS alleges that the events, happenings and purported damages alleged in the Complaint were the result of misfeasance or malfeasance of persons or entities other that PRS, and the superseding intervening conduct of those other persons or entities operates to bar any finding of liability against PRS.

### SEVENTH AFFIRMATIVE DEFENSE

7.     PRS alleges that Finamore's claims are barred in whole or in part because Finamore failed to join one or more indispensable parties.

### EIGHTH AFFIRMATIVE DEFENSE

8.     PRS alleges that each purported cause of action plead against PRS in the Complaint is barred by the doctrine of waiver and ratification.

### NINTH AFFIRMATIVE DEFENSE

7.     PRS alleges that PRS is entitled to set-off of amounts owed by Finamore to PRS.

### TENTH AFFIRMATIVE DEFENSE

8.     PRS alleges that its conduct was justified under the circumstances.

### ELEVENTH AFFIRMATIVE DEFENSE

9.     PRS alleges that each purported cause of action plead against PRS in the

Complaint is barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

10. PRS alleges that Finamore's claims are barred by mistake of fact or mistake of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

11. PRS alleges that each purported claim for relief in the Complaint is barred under the doctrine of equitable estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

12. PRS alleges that the obligations owed Finamore from PRS, if any, has been discharged by operation of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

13. PRS alleges that each purported claim for relief plead against PRS in the Complaint is barred by the equitable doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

14. PRS alleges that Finamore's claims are barred by the doctrine of release.

## SEVENTEENTH AFFIRMATIVE DEFENSE

15. PRS alleges that Finamore took unequivocal action prior to filing of the Complaint herein and has thereby elected their remedy. As a result thereof, Finamore's cause of action against PRS is barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

16. PRS alleges that Finamore's claims are barred by the doctrine of accord and satisfaction, which occurred with Finamore.

## NINETEENTH AFFIRMATIVE DEFENSE

17. PRS alleges that Finamore's claims are barred because Finamore lacks standing to bring the claims for relief set forth in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

18. PRS alleges that Finamore's actions or inactions constitute implied or express consent to the alleged acts complained of claims are barred by the doctrine of

PHILLIPS LAW PARTNERS, LLP
707 WILSHIRE BOULEVARD, SUITE 3800
LOS ANGELES, CA 90017-3541
(213) 680-9212

release.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

19. Finamore's claims are barred in whole or in part because, although PRS denies Finamore's claims and denies any wrongdoing or error of any kind, any alleged error on PRS's part was a bona fide error notwithstanding PRS's use of reasonable procedures adopted to avoid any such error.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

20. Finamore's claims are barred in whole or in part because any potential recovery sought from PRS was not suffered by Finamore in good faith.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

21. Finamore's claims are barred in whole or in part because Finamore's requested relief, damages, and/or recovery would result in unjust enrichment.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

22. Finamore's claims are barred in whole or in part because the allegations resulted from fraud, deceit, or misrepresentation by Finamore and/or others.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

23. Finamore's claims are barred in whole or in part because Finamore engaged in illegal conduct.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

24. PRS presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. PRS therefore reserves the right to assert additional affirmative defenses if and when appropriate.

WHEREFORE, PRS requests relief as follows:

A. That Finamore take nothing by way of his Complaint;

B. That judgment be entered in favor of PRS;

C. That Finamore's action be dismissed in its entirety with prejudice as to PRS;

D. For costs of suit;

PHILLIPS LAW PARTNERS, LLP
707 WILSHIRE BOULEVARD, SUITE 3800
LOS ANGELES, CA 90017-3541
(213) 680-9212

G:\PLPDocs\Simons.Steve\Finamore v PRS\Pleadings\Answer to Complaint1.wpd

-7-

ANSWER

E.    For such other and further relief as the Court deems appropriate.

PHILLIPS LAW PARTNERS, LLP

/s/ James R. Coelho

DATED: September 3, 2019          By:

JAMES R. COELHO
Attorneys for Defendant, Paramount Recovery Service

**JURY TRIAL DEMAND**

Defendant, Paramount Recovery Service hereby demands a trial by jury as to all issues.

PHILLIPS LAW PARTNERS, LLP

/s/ James R. Coelho

DATED: September 3, 2019          By:

JAMES R. COELHO
Attorneys for Defendant, Paramount Recovery Service

**PHILLIPS LAW PARTNERS, LLP**
707 WILSHIRE BOULEVARD, SUITE 3800
LOS ANGELES, CA 90017-3541
(213) 680-9212

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 3800, Los Angeles, California 90017-3541.

On September 4, 2019, I served the foregoing document described as **ANSWER AND AFFIRMATIVE DEFENSES OF PARAMOUNT RECOVERY SERVICE TO COMPLAINT BY JESSE FINAMORE; JURY TRIAL DEMAND** On all interested parties as follows:

| | |
|---|---|
| Brandon A. Block<br>Law Offices of Brandon A. Block<br>433 North Camden Drive, Suite 600<br>Beverly Hills, CA 9 0210<br>Telephone: 310-887-1440<br>Facsimile: 310-49 6-1420<br>brandon@ bblocklaw.com<br><br>Attorneys for Plaintiff, Jesse Finamore | Courtney C. Wenrick<br>Severson & Werson<br>19100 Von Karman Avenue, Suite 700<br>Irvine, CA 92612<br>Telephone: 949-442-7110<br>Facsimile: 949-442-7118<br>ccw@severson.com<br><br>Attorneys for Defendant, Wells Fargo Bank, N.A. |

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM /ECF system. Participants in the case who are registered CM /ECF users will be served by the CM /ECF system. Participants in the case who are not registered CM /ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

/s/ James R. Coelho

JAMES R. COELHO

PHILLIPS LAW PARTNERS, LLP
707 WILSHIRE BOULEVARD, SUITE 3800
LOS ANGELES, CA 90017-3541
(213) 680-9212

G:\PLPDocs\Simons.Steve\Finamore v PRS\Pleadings\Answer to Complaint1.wpd

-9-

ANSWER